IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON WAYNE NAILLIEUX,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 21-CV-4640 |
| UNITED STATES OF AMERICA,<br>    Defendant. | : <br> : <br> : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                                                          **OCTOBER 26, 2021**

Plaintiff Jason Wayne Naillieux brings this *pro se* civil action against the United States of America and "all associate names." (ECF No. 2 at 3.) Naillieux has also moved to proceed *in forma pauperis*. For the following reasons, the Court will grant Naillieux leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.      FACTUAL ALLEGATIONS**

The Complaint is sparse and difficult to understand. Naillieux alleges that the jurisdictional basis for his claims is "a crime in my complaint from your hands" and that the events giving rise to his claims occurred at "the Court, the WhiteHouse, the pintogony." (*Id.* at 3-4.) Naillieux attached to his Complaint a document containing various general allegations about the U.S. Military, courts, court documents that were sent to him from California, and police. (ECF No. 2-1 at 1-2.) It is not clear how the allegations relate to each other or to Naillieux. The document also repeatedly uses the phrase "return to zero" without explanation. (*Id.*) As relief, Naillieux seeks a forty-five minute conference "where the Judge can hear my ownership." (ECF No. 2 at 5.)

**II.     STANDARD OF REVIEW**

The Court grants Naillieux leave to proceed *in forma pauperis* since he indicates that he is homeless and, therefore, it appears he cannot afford to prepay the fees to commence this civil action. Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

The manner in which the Complaint is pled disguises the true nature of any claims Naillieux intends to bring. Under a liberal reading, it appears that Naillieux might be dissatisfied with certain aspects of the federal government, in particular the military. However, the Court cannot discern any legal basis for a claim from Naillieux's pleading. Additionally, to the extent Naillieux is attempting to address general grievances about government, he has not stated a case or controversy over which this Court has jurisdiction. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) ("[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen' s interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." (quotations omitted)). Accordingly, the Court will dismiss the Complaint for failure to comply with Rule 8 and as legally baseless.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Naillieux leave to proceed *in forma pauperis* and dismiss his Complaint. The Court concludes that amendment would be futile. An appropriate Order follows.

BY THE COURT:

/s/ MICHAEL M. BAYLSON

**MICHAEL M. BAYLSON, J.**